UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

DONALD MACPHERSON,

                Plaintiff,

      -against-

370 CANAL FITNESS GROUP, LLC d/b/a PLANET
FITNESS AND TRIBECA ASCOTT LLC d/b/a
SHERATON TRIBECA NY HOTEL,

                Defendants.
-------------------------------------------------------X

**COMPLAINT**

*Civil Action No.*
1:23-cv-464

      Plaintiff, DONALD MACPHERSON, ("Plaintiff"), by and through his counsel, The Marks Law Firm, P.C., hereby files this Complaint and sues 370 CANAL FITNESS GROUP, LLC d/b/a PLANET FITNESS, a domestic limited liability company, and TRIBECA ASCOTT LLC d/b/a SHERATON TRIBECA NY HOTEL, a domestic limited liability company, both registered in the State of New York, (hereinafter collectively "Defendants"), for a) injunctive relief, b) compensatory relief, and c) attorney fees and costs pursuant to 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and alleges:

**JURISDICTION AND PARTIES**

      1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

      2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in the State of New York.

3. The violative Premises and the events giving rise to this lawsuit are at the Planet Fitness gym inside the Sheraton Tribeca hotel located at 370 Canal Street, New York, New York 10013. (hereinafter "Premises").

4. Venue is proper in this Court as the premises is located in the State of New York, County of New York.

5. The Defendants 370 CANAL FITNESS GROUP, LLC d/b/a PLANET FITNESS and TRIBECA ASCOTT LLC d/b/a SHERATON TRIBECA NY HOTEL are each authorized to conduct and are conducting business within the State of New York.

6. Upon information and belief, 370 CANAL FITNESS GROUP, LLC d/b/a PLANET FITNESS is the lessee and/or operator of the gym at the real property, and the owner of the improvements where the Premises is located which is the subject of this action. Defendant also maintains and controls the Premises.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Premises is a Planet Fitness gym, which is a place of public accommodation in that it is an establishment which provides goods and services to the public.

8. Upon information and belief, TRIBECA ASCOTT LLC d/b/a SHERATON TRIBECA NY HOTEL is the owner, lessor and/or operator and managing agent of the real property where the Premises is located, which is the subject of this action, which also maintains and controls the Premises.

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Premises which is the subject to this action is a public accommodation covered by the ADA and which must comply therewith.

10. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

11. At the time of Plaintiff's visits to the Premises, and prior to the instant action, Plaintiff was, and still is, a resident of the City and State of New York, who lives about .02 miles from the gym.

12. Plaintiff is diagnosed and suffers from Multiple Myeloma and A-fib with resulting neuropathy in both legs from the Myeloma (a blood and bone cancer) causing extreme numbness throughout the legs and feet, making it extremely difficult to undergo physical activities (e.g. navigating steps), constituting a "qualified disability" under the ADA of 1990. Plaintiff, at times, cannot use steps and uses assistive devices for mobility as a result of his disability.

13. On January 8, 2023, Plaintiff, a member of Planet Fitness, attempted to access the Planet Fitness gym to exercise and engage in physical therapy exercises, but the escalators were both out of service, with no alternative access available thereby denying Plaintiff access to the gym, where he has been a member for over 2 years. Plaintiff spoke with a Planet Fitness representative at the front desk who informed him that the 25 step escalators were still broken, with no set time in which they would be fixed, but to keep checking and trying.

14. The Planet Fitness gym is located in the basement of the Sheraton Tribeca Hotel (with its own separate access as well), so Plaintiff then went to the alternative elevator which provides direct access to the gym, through the Sheraton Tribeca hotel, but was stopped by an employee. The employee informed Plaintiff that the power had been cut to the elevator access to

the gym, because the Sheraton Tribeca didn't want any Planet Fitness members to use their elevator as access to the gym from the Sheraton lobby.[1]

15. Plaintiff has notified the Defendants of the on-going issue with the elevators, requested assistance in the past and has requested accommodations of using the elevator as needed, all of which has been ignored. The escalators are continuously broken and nonfunctional, either going up, going down or both forcing Plaintiff to use the steps creating a dangerous condition for Plaintiff, which has led Plaintiff to experience extreme difficulty and denial of access in entering or exiting the gym because of his disability.

16. Plaintiff attempted to access the Premises numerous times since he purchased his membership, and during each of the below attempts to access, Plaintiff encountered the below noted barriers and informed the employees: on 9/9/22 the down escalator was not working; 9/10/22 Down escalator not working; on 9/11/22 both the up and down escalators were not working; on 9/13/22 both the up and down escalators were not working, and Plaintiff tripped while trying to navigate the same due to the existence of a broken stirrup; on 9/14/22 both the up and down escalators were not working; on 9/15/22 both the up and down escalators were not working; on 9/16/22 both the up and down escalators were not working and one of the employees named "Enrique" informed Plaintiff that planet fitness would be unable to fix the issue, since "it is Sheraton Hotel's responsibility" to which Sheraton employees in turn stated is "Planet Fitness' responsibility; on 9/22/22 both the up and down escalators were not working, and Plaintiff spoke with "Anan" and "Garcia" who were employees of Sheraton and informed Plaintiff that the Sheraton was not responsible for problems with Planet Fitness's escalators; on

---

[1] It should be noted that Sheraton employees and Planet Fitness employees have directed Plaintiff to the elevator in the past when the escalators were broken, but could only be accessed when the Sheraton hotel uses and sends an engineer to activate the elevator. Each time Plaintiff asked for assistance, the employees expressed their frustration with his requests for assistance each time.

9/28/22 both the up and down escalators were not working and "Milagros," a manager, informed Plaintiff that there was no access to gym by elevator on that day, with the only means of access being the escalator which should be fixed today; on 9/30/22 both the up and down escalators were not working and Planet Fitness employee "Enrique" again stated that there were no operational escalators and was unsure when they would be fixed but suggested that Plaintiff keep checking in; on 10/3/22 both the up and down escalators were still not working; on 10/7/22 both the up and down escalators were not working, Planet Fitness employee "Enrique" again stated that there were no operational escalators and was unsure if/when they would be fixed but, again, suggested that Plaintiff keep checking in; on 10/8/22 the up escalator was working, but the down escalator was not; on 10/9/22 the down escalator was working, but the up escalator was not; on 10/30/22 the down escalator was not working and one of Planet Fitness's employees "Matt" stated it was the Sheraton's responsibility and reiterated to Plaintiff that the elevator could not be used for gym member access; On January 18, 2023, Plaintiff went to the gym at about 6:15PM, but the up escalator was not working.

17.  Plaintiff has further written emails and letters that have not received the courtesy of a meaningful response. The letters mailed to Planet Fitness were dated June 2, 2022; November 23, 2021 (also discussing the lack of accessible emergency access); and October 1, 2022 to Plant Fitness headquarters.

18.  Plaintiff is frustrated and deterred from going to the gym knowing the barriers exist.

19.  However, because of the architectural barrier at the premises, including but not limited to the 25-step escalator, 3 steps at the bottom of the elevator and lack of access to the elevator, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Premises, which is subject to this instant litigation.

20. Plaintiff continues to be denied access each time, and therefore suffered an injury in fact. Plaintiff is currently deterred from going to the gym store based on his knowledge of the barriers to access that exists and intends on immediately returning to the Premises to work out and engage in his exercises for health purposes once the barriers are removed and the Premises is ADA compliant.

21. Defendants' violations impede upon Plaintiff's, and other similarly situated disabled individuals' right to travel free of discrimination. Defendants have knowingly, willfully and intentionally discriminated against Plaintiff for their own personal financial gain.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

22. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "21" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

23. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

24. The ADA and 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "2010 Standards" or "Accessibility Standards") dictate that property owners and operators of commercial premises being used as "commercial establishments" are responsible for complying with these Federal Accessibility Standards.

25. The Plaintiff is informed and believes, and therefore alleges that the Premises has begun operations and/or undergone substantial remodeling, repairs, and/or alterations since January 26, 1990.

26. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others that are similarly situated, by denying full and equal access to and full and equal enjoyment of goods, services, facilities, privileges, advantages, and/or accommodations at Defendants' Premises, in violation of these Accessibility Standards.

27. The Plaintiff has been unable to and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Premises.

28. Plaintiff visited Defendants' Premises with the intention of utilizing Defendants' facilities, but was denied access to the Premises, and therefore suffered an injury in fact. In addition, Plaintiff continues to reside in Brooklyn, New York and continues to desire to visit the Premises in the future, but will suffer future harm in that he is unable to access the Premises and continues to be discriminated against due to the architectural barriers which remain at the Premises, all in violation of the ADA, and New York State and City Human Rights Law.

29. Pursuant to the mandates of 42 U.S.C. §12134(a), On July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the American with Disabilities Act Accessibility Guidelines (hereinafter "2010 ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

30. The Defendants' Premises is in violation of 42 U.S.C. §12181 et. Seq., ADA and the 2010 Standards, and is discriminating against the Plaintiff as a result of inter alia the following specific violations:

a. Due to the broken escalators (25 steps) at the entrance to the gym, the Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the Property because of Plaintiffs disability.

b. Due to the three steps at the bottom of the escalator at the entrance to the gym, the Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the Property.

c. Failure to provide accessible entrance to all levels of the gym;

d. The elevator, which is located at the premises is inaccessible.

e. Isles lack accessible routes throughout the premises of at least 36 inches of clearance as required by the ADAAG 2010 accessible standards.

f. Failure to provide an accessible shower stall due to the required step into the 4 stalls.

g. Failure to provide compliant grab bars in the restrooms in violation of ADAAG 604.

h. Failure to provide accessible amenities throughout the premises (paper towel dispensers and vending machines):

i. Required directional and information signage not provided in violation of ADAAG 216.

  j. There is not at least one accessible entrance to tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

  k. As not all entrances comply with section 404 of the 2010 ADAAG Standards, entrances that do comply with section 404 of the 2010 ADAAG Standards are required to have signage identified by the International Symbol of Accessibility indicating an accessible entrance, however, no such signage exists on the Property in violation of section 216.6 of the 2010 ADAAG Standards. Moreover, there is a lack of directional signage indicating the location of the nearest accessible entrance. The emergency routes are in accessible.

  l. The Defendants fail to adhere to policies, practices and procedures to ensure that all facilities are readily accessible to and usable by disabled individuals.

31. Upon information and belief, there are other current violations of, inter alia, the ADA at Defendants' Premises, and only once a full inspection is done can all said violations be identified.

32. To date, the architectural barriers and other violations of the ADA still exist, the removal of which is readily achievable and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA or to create access to the Premises.

33. Pursuant to ADA, 42 U.S.C. §1201 <u>et. Seq.</u> and the Accessibility Standards, the Defendants were required to make the Premises, a place of public accommodation, accessible to person with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

34. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Premises to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by ADA, and order the closing of the Subject Facilities until the requisite modifications are completed.

**COUNT II – VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "34" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

36. The New York City Human Rights Law provides:

    a. It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and or denied to any person on account of…disability…

    NYC Admin. Code §8-107(4)(a).

37. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

38. Defendants' unlawful discriminatory conduct constitutes willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Admin. Code §8-502.

**COUNT III – VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "38" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

40. The New York State Human Rights Law provides:

    a. It shall be unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability…of any person, directly, or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of…disability…

    NYS Exec. Law §296 (2)(a).

41. Defendants' Premises is a place of public accommodation as defined in the New York State Human Right Law.

42. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

43. Defendants are in violation of the New York State Human Rights law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Premises.

**PRAYER FOR RELIEF**

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained hereinabove in paragraphs "1" through "43" inclusive of this Complaint with the same force and effect as if hereinafter set forth at length.

45. The Plaintiff demands compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, for violations of their civil rights under New York State Human Rights Law and City Claw, including compensatory damages contemplated by §297(4)(c).

46. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Premises to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights law, and closing the Subject Facilities until the requisite modifications are completed.

47. Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

**WHEREFORE**, the Plaintiff hereby demands judgment against the Defendants joint and severally and requests the following injunctive and declaratory relief:

a. The Court declares the Premises owned, operated, leased, controlled, and/or administered by the Defendants are in violation of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

b. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and by NYCHRL, and the NYSHRL;

c. The Court enter an order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time to as to

        allow the Defendants to undertake and complete corrective procedures to the Premises;

d. The Court award punitive damages, including all applicable statutory damages and fines, to Plaintiff;

e. The Court award compensatory damages, including all applicable statutory damages and fines, to Plaintiff;

f. The Court award reasonable attorney fees, all costs (including but not limited to court costs, expert fees, etc.) and other expenses of suit to the Plaintiff; and

g. The Court award such other and further relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 18, 2023

                                    THE MARKS LAW FIRM, PC

                                    By: _____
                                    Bradly G. Marks
                                    155 E 55th Street, Suite 4H
                                    New York, New York 10022
                                    T:(646) 770-3775
                                    F: (646) 770- 2639
                                    Brad@markslawpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD MACPHERSON,

                              Plaintiff,

      -against-

370 CANAL FITNESS GROUP, LLC d/b/a PLANET FITNESS AND TRIBECA ASCOTT LLC d/b/a SHERATON TRIBECA NY HOTEL,

                              Defendants,

**SUMMONS AND COMPLAINT**

                THE MARKS LAW FIRM, PC
                Attorney for Plaintiff
                155 E 55th Street, Suite 4H
                New York, New York 10022